FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 0 2 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MATTHEW KOSLOW,

                          Plaintiff,

- versus -

NATIONAL GRID, USA,

                          Defendant.

MEMORANDUM DECISION
AND ORDER

15 Civ. 5692 (AMD) (ARL)

**ANN DONNELLY**, District Judge:

The plaintiff, Matthew Koslow, filed a complaint against his employer, defendant National Grid, U.S.A., in the Supreme Court of the State of New York, County of Nassau on July 21, 2015. He alleged that he had a disability due to a chronic disease, and that National Grid discriminated against him due to his disability in violation of the New York State Human Rights Law, negligently supervised and trained its personnel in violation of New York state law, and violated the Health Insurance Portability and Accountability Act ("HIPAA") by failing to train its supervisors in proper procedures under the statute and by allowing for the dissemination of his confidential medical information. The defendant removed the case to this court on October 1, 2015, based on the plaintiff's HIPAA claims.

In an October 15, 2015 letter to the court, the plaintiff withdrew his HIPAA claim, leaving only state law claims in the case. I issued an Order to Show Cause directing the parties to explain why the case should not be remanded to state court; both the plaintiff and the defendant responded that they had no objection to remand. (ECF 13, 14.)

1

## DISCUSSION

In a case in which a federal district court has original jurisdiction, it also has supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If, however, a district court "has dismissed all claims over which it has original jurisdiction," it may "decline to exercise [its] supplemental jurisdiction" over state law claims that remain in the case. 28 U.S.C. § 1367(c); *see Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). Once its discretion under § 1367(c)(3) has been triggered, a court must balance the "values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise its supplemental jurisdiction. *Kolari*, 455 F.3d at 122 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).) Generally, when "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Cohill*, 484 U.S. at 350, n. 7.)

Here, as the only federal-law claim in the case has now been withdrawn, the court has discretion as to whether to exercise supplemental jurisdiction over the remaining state-law claims in the case. 28 U.S.C. § 1367(c). First, neither party objects to remand. Second, judicial economy, convenience, fairness, and comity weigh in favor of remanding this case to state court. The only remaining claims in the case arise under state law, and, as the Supreme Court has stated, "[n]eedless decisions of state law should be avoided" so as to procure for the parties "a surer-footed reading of the applicable law" by the state courts. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Moreover, the fact that this case is still in its early stages— indeed, the defendant has not yet answered the complaint—weighs in favor of remand to state

court. *See Cohill,* 484 U.S. at 351 (stating that "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction"); *Gibbs,* 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")

For these reasons, I decline to exercise supplemental jurisdiction over the remaining state law claims; this case is therefore **REMANDED** to state court.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: March 2, 2016
       Brooklyn, New York